IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL WELSANDT, | ) | CASE NO. 1:16 CV 181 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Daniel E. Welsandt under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 11. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 8.

[4] ECF # 9.

[5] ECF # 5.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## Facts

**A.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Welsandt who was 49 years old at the time of the administrative hearing,[11] has a ninth grade education.[12] He is not married, lives alone, and does not have any children.[13]

The ALJ, whose decision became the final decision of the Commissioner, found that Welsandt had the following severe impairments: cervical degenerative disc disease, status post C5-6 microdiscectomy and fusion; lumbar degenerative disc disease; bilateral shoulder degenerative joint disease, status post arthroscopy; ulcerative colitis; and depressive disorder (20CFR 404.1520(c) and 416.920(c)).[14]

---

[6] ECF # 12.

[7] ECF # 27 (Commissioner's brief); ECF # 20 (Welsandt's brief).

[8] ECF # 27-1 (Commissioner's charts); ECF # 20-1 (Welsandt's charts).

[9] ECF # 19 (Welsandt's fact sheet).

[10] ECF # 29.

[11] ECF # 19 at 1.

[12] ECF #9, Transcript ("Tr.") at 46.

[13] *Id*. at 43.

[14] *Id*. at 16.

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Welsandt's residual functional capacity ("RFC"):

> Since August 1, 2008, the claimant has retained the residual functional capacity to perform all basic work activities described in 20 CFR 404.1521, 404.1545, 416.921 and 416.945 subject to the following limitations: lifting/carrying up to 10 pounds frequently and 20 pounds occasionally; standing/walking for approximately six hours in an eight hour workday; sitting for approximately six hours in an eight hour workday; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, stoop, kneel, crouch and crawl; frequently balance; occasional bilateral reaching overhead; and limited to simple more complex tasks (SVP1 to SVP3) with no fast-paced work and no strict production quotas.[15]

Relying on that residual functional capacity, the ALJ found Welsandt capable of his past relevant work as an industrial cleaner and, therefore, not under a disability.[16]

**B.     Issues on judicial review**

Welsandt asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Welsandt presents the following issues for judicial review:

- Whether the ALJ erred in failing to properly evaluate plaintiff's pain and the effect of pain on plaintiff's capacity to perform work.

- Whether the ALJ's assessment of plaintiff's RFC is supported by substantial evidence.[17]

---

[15] *Id.* at 20.

[16] *Id.*

[17] ECF # 20, at 1.

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[18]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[18] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[19] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[20]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Application of standards**

This matter initially focuses on whether the ALJ properly analyzed the claimant's assertions of disabling pain. Moreover, Welsandt contends that relying on the "outdated" reports of reviewing sources to the effect that Welsandt is capable of a reduced range of light work resulted in an RFC unsupported by substantial evidence.

*1.     Pain analysis*

As the ALJ noted at Step Two, Welsandt has cervical degenerative disc disease, status post C5-6 microdiscectomy and fusion; lumbar degenerative disc disease; bilateral shoulder degenerative joint disease, status post right arthroscopy; ulcerative colitis and depressive disorder.[21] After considering the medical evidence together with the opinion evidence, the ALJ determined that Welstandt's physical RFC was for light work, with some additional postural, manipulative, and mental restrictions.[22]

---

[19] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[21] Tr. at 16.

[22] *Id*. at 20.

Welsandt here contends that the RFC did not adequately address his pain in his neck, back and shoulders, as well as from his ulcerative colitis. Specifically, he argues that the ALJ improperly based his reason for discrediting the complaints of pain on "cherry-picked" examples from the record, such highlighting only certain aspects of his activities of daily living.[23]

In response, the Commissioner argues that the ALJ properly began his analysis by citing to the "overwhelmingly normal" clinical findings of normal gait, full strength, normal reflexes and other normal neurological findings.[24] Further, the Commissioner observes that because the RFC was limited to a restricted range of light work, the ALJ did credit Welstandt's complaints of pain to some extent, but only to the degree that they were consonant with the objective evidence.[25]

As to the colitis in particular, that evidence as cited by the ALJ includes multiple statements from the claimant that he was able to control his bowel movements or that he experienced bowel movements only after eating.[26] Further, as to the claims of neck, back, shoulder and hand pain, the ALJ cited evidence that Dr. Jill Mushkat, Ph. D., a consulting

---

[23] ECF # 20 at 19.

[24] ECF # 27 at 11-12 (citing record).

[25] *Id*. at 12 (citing record).

[26] Tr. at 22 (citing record).

psychologist, found that Welstandt's description of his pain "was suggestive of symptom magnification," and also observed that Welstandt had never been hospitalized for pain.[27]

Moreover, as the Commissioner also notes, the ALJ considered, and gave considerable weight to, the opinions of the state agency physicians.[28] Specifically in that regard, the ALJ noted and gave "significant" weight to the physical functional capacity opinion of Dr. Mushtaq Mahmood, M.D., a state agency consultive examining source.[29] Dr. Mahmood, who provided the only medical opinion from an examining source as to Welsandt's physical residual functional capacity, did observe that Welstandt had some difficulty in getting on and off the examination table, as well as some difficulty walking on heels and toes, but also found normal neurological functions, normal strength, normal reflexes and normal sensation.[30] Therefore, Dr. Mahmood opined that Welsandt had mild limitations as to sitting and standing, mild to moderate limitations with walking, and moderate limitations with lifting and carrying.[31]

In addition, the ALJ considered and gave "considerable" weight to the functional opinion of Dr. Gary Hinzman, M.D., a state agency reviewing source, who specifically

---

[27] *Id*.

[28] ECF # 27 at 13 (citing record).

[29] Tr. at 24.

[30] *Id.* at 629-30.

[31] *Id*. at 630.

considered Welstandt's colitis in his opinion.[32] Nonetheless, as the Commissioner points out, Dr. Hinzman did not include any need for additional bathroom restrictions in his function opinion, and, in fact, found that Welstandt's complaints in this regard were only partially credible.[33]

The evidence cited by the ALJ showing normal findings in objective clinical areas, as well as the opinion evidence related above, together with Welstandt's activities of daily living, all constitute substantial evidence in support of the ALJ's determination of the ultimate RFC.[34] To the degree that Welsandt here seeks to have the evidence re-weighed with a view toward seeing it in the light most favorable to him, that is not the function of this Court in this proceeding.[35]

## *2. Timeliness of opinions*

Essentially, Welsandt contends that the ALJ should not have relied on the opinion of Dr. Mahmood because he did not have the benefit of reviewing medical evidence developed subsequent to the date Dr. Mahmood submitted his opinion.[36] In that respect, he contends

---

[32] *Id.* at 131.

[33] *Id.* at 130.

[34] *See, Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 392 (6th Cir. 2004); *Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 832 (6th Cir. 2009); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994); *Daniels v. Comm'r of Soc. Sec.,* No. 2:10-CV-760, 2011 WL 2110145, at * 4 (S.D. Ohio May 26, 2011).

[35] *Thomas v. Comm'r of Soc. Sec.,* No. 1:13-CV-1777, 2014 WL 2114567, at * 16 (N.D. Ohio May 20, 2014).

[36] ECF # 20 at 21-22.

that the additional evidence of later MRIs of Welsandt's shoulders "could have altered" the "appropriate assessment" of his functional capacity.[37] Moreover, he contends that at a minimum the ALJ should have obtained the testimony of a medical expert to review the later obtained evidence with a view to determining how they might effect the residual functional capacity findings offered before the MRI testing.[38]

It is certainly true that the failure to deal with a change in a claimant's diagnosis and prognosis detected by a treating physician after the submission of opinion evidence of functional capacity will create a question of whether such opinion evidence is supported by substantial evidence.[39] But in this case, the medical record after the submission of Dr. Mahmood's opinion shows that the two MRIs in 2013 were followed by August 2013 surgery on his right shoulder, after which the surgeon noted improved functioning and Welstandt himself stated he was "doing very well" and "having minimum pain."[40] Similarly, Welsandt at this time asked for a cortisone injection in his left shoulder, stating that such an injection a year earlier had offered excellent relief.[41]

---

[37] *Id.* at 21.

[38] *Id.* at 22.

[39] *Taylor v. Comm'r of Soc. Sec.*, No. 13-CV-1253, 2014 WL 1874055, at * 4 (N.D. Ohio May 8, 2014).

[40] Tr. at 823.

[41] *Id.*

While the ALJ did not extensively discuss these findings in detail, he specifically noted that the 2013 surgery was "successful" and he noted that he had considered this fact in formulating the RFC.[42]

As such, I find no error in the ALJ's handling of the medical evidence that was generated after the opinion of Dr. Mahmood. Thus, I find that there was no error in the ALJ not utilizing the testimony of a medical expert in this case since the later medical evidence was not contrary to the evidence relied on by Dr. Mahmood.

## Conclusion

For the reasons stated, I find that substantial evidence supports the decision of the Commissioner to deny benefits to Daniel E. Welsandt. Therefore, that decision is affirmed.

IT IS SO ORDERED.

Dated: February 23, 2017    s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[42] *Id*. at 23.